## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **ANTHONY CARDINAL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **HAINES CITY, FLORIDA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

ANTHONY CARDINAL, by and through his attorneys, ALLEN & DAWSON, PLLC, files this Complaint against HAINES CITY, Florida, Defendant herein, and alleges:

## <u>JURISDICTION AND VENUE</u>

1.    This is an action by Plaintiff against Defendant for race discrimination and retaliation discrimination pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. sec 2000 (et. Seq.) (hereinafter referred to as "Title VII").

2.    Venue is appropriate in the United States District Court for the Middle District of Florida because Defendant operates in the District, Defendant had a principal address in the District, and the acts or omissions related to Plaintiff's cause of action arose in the District.

3.   This Court has original jurisdiction over the matter pursuant to 28 U.S.C. ξ1331 as the matter in controversy is brought pursuant to Title VII.

4.   Plaintiff filed a complaint against Defendant with the Equal Employment Opportunity Commission (Hereinafter "EEOC").

5.   Plaintiff's EEOC Charges of Discrimination alleged violations of Title VII based on race discrimination and retaliation.

6.   Plaintiff's case has been closed by the EEOC and Plaintiff received a Notice of Right to Sue.

7.   A Plaintiff in a Title VII case cannot file a lawsuit without a Notice of Right to Sue, and a Plaintiff must file their case within ninety (90) days of receiving the Notice.

8.   All conditions precedent to the filing of suit have been performed or have occurred, as Plaintiff's Complaint is being filed within that 90-day statutory period.

**PARTIES**

9.   Plaintiff Anthony Cardinal (hereinafter referred to as "Plaintiff") is a citizen of the United States and a resident of the state of Florida, in Polk County.

10.  Defendant Haines City, Florida; (Hereinafter "Defendant") is an entity in the state of Florida, and Polk County in particular.

**GENERAL FACTUAL ALLEGATIONS**

11.  Plaintiff, an African American man over the age of 40 had been hired by Haines City, Florida.

12.  Plaintiff was hired in August 2017 as a Plant Maintenance employee.

13.  Plaintiff was subjected to racial harassment, stalking and verbal abuse.

14.  Plaintiff was verbally abused in the form of cursing and being called nigger.

15.  Plaintiff was subjected to racial harassment and intimidation by a white employee.

16.  Plaintiff reported the harassment to Tracey Mercer, Director and other supervisors.

17.  For example, on February 19, 2019, Plaintiff reported the white employee, Bobby Harris for harassment and for calling him a nigger.

18.  Plaintiff continued to report these occurrences to management including Jonathan Vice, Lee Strickland, Daniel Williams and Tracey Mercer.

19.   Plaintiff was also retaliated against by being given less jobs and getting work that he wasn't trained for.

20.  Management witnessed the white employee making derogatory statements.

21.  On February 21, 2019, Plaintiff was suspended, yet no action was taken against the white employee.

22.  Throughout Plaintiff's employment with Defendant, Plaintiff has been subject to discrimination and retaliation based on his race.

23.  Plaintiff reasonably believes that Defendant purposefully targeted Plaintiff by treating him differently than white employees.

24.  Similarly situated white employees were not treated in such a disparate and harassing manner.

25.  When Plaintiff brought these concerns to management, engaging in protected activity, management retaliated against Plaintiff by suspending Plaintiff and then terminating his employment.

26. In response to the harassment and discrimination by Defendant, Plaintiff filed federally-protected EEOC Charges, alleging race discrimination and retaliation.

27. Defendant made a cursory investigation into Plaintiff's allegations, and in response to the Charge, Plaintiff has been treated in an even more disparate and discriminatory manner.

28. Plaintiff has retained the undersigned counsel, and has agreed to compensate counsel at a reasonable hourly rate.

## COUNT I: DISCRIMINATION ON THE BASIS OF RACE

29. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 18 as if set forth herein in full.

30. Defendants violated federal law by treating Plaintiff in a disparate manner based on his race.

31. Plaintiff has been treated differently than his white co-workers. Plaintiff's co- workers were not subject to the same discrimination that Plaintiff faced.

32. Defendant does not have sufficient justification for its action absent treatment based upon age.

33. Defendant's conduct as alleged at length constitutes discrimination in violation of federal law.

34. After Plaintiff's protected EEOC Charge, Defendant's treatment of Plaintiff and his condition has been continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

35. Employers under Title VII are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

36.  Plaintiff has been singled out and harassed by his superiors after his Charge has been filed, despite Plaintiff's work performance.

37. Plaintiff did not have any write-ups or disciplinary issues that would have justified his mistreatment, absent retaliation by Defendant.

38. Defendant's conduct as alleged at length constitutes retaliation in violation of federal law.

39.  After Plaintiff's EEOC Charge, Defendant's treatment of Plaintiff and his continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

40. Employers under Title VII are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

41.  Plaintiff has been singled out and harassed by his superiors.

42. Plaintiff did not have any write-ups or disciplinary issues, prior to his discrimination charge, that would have justified his mistreatment, absent retaliation by Defendant.

43. Defendant's conduct as alleged at length constitutes retaliation in violation of Title VII.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff requests that the Court enter judgment in his favor and award his  the following relief:

*Cardinal v. HAINES CITY, Florida,* Page 5

All wages and other economic benefits lost as a result of Defendants'

wrongful acts;

Compensatory damages to fully compensate Plaintiff for his injuries caused

by the Defendants' discriminatory and retaliatory conduct;

Pre- and post judgment interest; and attorney fees;

Such other relief this Court deems just and proper, together with Plaintiff's

costs and disbursements in this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted on December 20, 2019

ALLEN & DAWSON, PLLC.
189 S. Orange Avenue, Suite 1530-B
Orlando, Florida  32801
Telephone: (407) 986-2092
E-Mail: rasheed@allen-dawson.com


/s/ Rasheed Karim Allen
Rasheed Karim Allen
Attorney for Plaintiff
Florida Bar Number: 88525
Counsel for ANTHONY CARDINAL