# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANTHONY CARDINAL,

    Plaintiff,

v.     Case No: 8:19-cv-3137-KKM-TGW

HAINES CITY, FLORIDA,

    Defendant.
_____

## ORDER

The Eleventh Circuit has, on numerous occasions, unequivocally condemned shotgun pleadings. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone."); *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, we had explicitly condemned shotgun pleadings upward of fifty times." (quotation omitted)). A shotgun pleading is a pleading that lacks the minimum clarity, brevity, or coherence required by Federal Rules of Civil Procedure 8 and 10. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable, to a single set of circumstances.").

Plaintiff Anthony Cardinal's complaint constitutes a textbook example of a shotgun pleading. Interspersed throughout his complaint, Cardinal makes factual allegations and legal conclusions of race discrimination *and* retaliation, thereby "commit[ting] the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). (Doc. 1). But Cardinal pleads only one count of "discrimination on the basis of race." (*Id.* at 4). Within this count, Cardinal includes allegations that "Defendants violated federal law by treating Plaintiff in a disparate manner based on his race" and (repeated twice) that "Defendant's conduct as alleged at length constitutes retaliation in violation of federal law." (Doc. 1 at 4–5). Why he failed to bring a separate retaliation count, or several, is perplexing. To make matters more confusing, the single count incorporates only the facts related to the race discrimination from the introductory paragraphs and omits those that would be relevant to a retaliation claim. (*Id.* at 4 ("Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 18" despite 1-28 being relevant)).

Shotgun pleadings, such as this quintessential one, prevent the Court and the opposing party from determining which claims are brought, whether they are legally cognizable, and what evidence might be relevant or in dispute. *See T.D.S., Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1250, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). Indeed, the deficient pleading here compelled Haines City to seek summary judgment on a

variety of claims without certainty as to which Cardinal intended to pursue.[1] *See* (Doc. 21 at 15–17). The Court likewise has wasted judicial resources working through the summary judgment papers and supporting evidence ultimately to realize that the complaint is hopelessly unclear and must be replead. *See Jackson*, 898 F.3d at 1357 (explaining one of the many harms of shotgun pleadings is that they are "time-consuming and even more of an undue tax on the Court's resources"). The uncertainty about which claims Cardinal is prosecuting is evident even in the parties recently filed pretrial statement. *See* (Doc. 41).

To be sure, the Eleventh Circuit requires a district court to strike a shotgun pleading sua sponte. *See Jackson*, 898 F.3d at 1357–58 ("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . This is so even when the other party does not move to strike the pleading." (quotations and alterations omitted)). Therefore, the Court strikes Cardinal's complaint and instructs him to replead his case correcting the above detailed deficiencies. Accordingly, the following is **ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

---

[1] Of course, the wiser and more expedient path would have been to move to dismiss the complaint as a shotgun pleading when the case was filed in 2019, instead of arguing that some (but not all of the sort-of-alleged claims) should be resolved at the summary judgment stage as a shotgun pleading (an option that the law does not permit). *See* (Doc 21 at 15–17). Despite the Court inheriting the case at this advanced stage of litigation, a shotgun pleading is a shotgun pleading and the remedy is repleading. *See Jackson*, 898 F.3d at 1357–58 (("[I]n a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case . . . .").

3

2. Plaintiff may file an amended complaint curing the deficiencies detailed in this order by **August 13, 2021**. Failure to file an amended complaint that complies with the Federal Rules of Civil Procedure will result in dismissal of this action.

3. The pretrial conference set for August 11, 2021, is **CANCELED**. All further deadlines in this case are stayed pending the filing of a properly pleaded complaint.

4. Defendant's Motion for Summary Judgment (Doc. 21) and Motion to Strike (Doc. 36) are **DENIED as moot**.

**ORDERED** in Tampa, Florida, on August 5, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge